FILED
CLERK
12/28/2015 1:09 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MATTHEW ACTON and PETER MARCHELOS,
individually and on behalf of all
other similarly situated persons,

                    Plaintiff,         MEMORANDUM & ORDER
                                       15-CV-4004(JS)(ARL)
        -against-

INTELLECTUAL CAPITAL MANAGEMENT, INC.
D/B/A SMS MASTERMINDS and SPENDSMART
NETWORKS, INC.,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Erik H. Langeland, Esq.
                    Erik H. Langeland P.C.
                    733 Third Avenue, 15th Floor
                    New York, NY 10017

For Defendants:     Harrison Brown, Esq.
                    Blank Rome LLP
                    2029 Century Park East, 6th Floor
                    Los Angeles, CA 90067

                    Rither Alabre, Esq.
                    Blank Rome LLP
                    405 Lexington Avenue
                    New York, NY 10174
```

SEYBERT, District Judge:

Pending before the Court are the following: (1) Plaintiffs Matthew Acton and Peter Marchelos' ("Plaintiffs") motion for class certification (Docket Entry 2); (2) defendants Intellectual Capital Management Inc. d/b/a SMS Masterminds and Spendsmart Networks, Inc.'s ("Defendants") motion to stay proceedings (Docket Entry 23); (3) Defendants' request for

judicial notice in support of their motion to stay proceedings (Docket Entry 24); and (4) the parties' Stipulation to Stay Proceedings (Docket Entry 26). The Court construes the parties' Stipulation to Stay Proceedings, which was filed as a motion, as a joint request for a stay of this matter. (Stip., Docket Entry 26.) For the following reasons, the parties' joint request for a stay of this proceeding is GRANTED and all pending motions are TERMINATED WITHOUT PREJUDICE to refiling upon the lifting of the stay.

BACKGROUND

Briefly, on July 8, 2015, Plaintiffs commenced this action against Defendants, individually and on behalf of an alleged class, asserting a claim pursuant to the Telephone Consumer Protection Act ("TCPA"). (See generally Compl., Docket Entry 1.) Plaintiffs allege that Defendants violated the TCPA by sending commercial text messages to Plaintiffs' and class members' cell phones without their consent. (Compl. ¶¶ 58-60.) Plaintiffs filed a motion for class certification simultaneously with the filing of their Complaint. (Class Cert. Mot., Docket Entry 2.) Plaintiffs' motion is presently sub judice.

On September 11, 2015, Defendants served Plaintiffs with Offers of Judgment pursuant to Federal Rule of Civil Procedure 68. (Defs.' Br., Docket Entry 23-1 at 4; Marchelos' Mot., Ex. 1, Docket Entry 22-1.) Plaintiff Peter Marchelos accepted Defendants' Offer

2

of Judgment and the Court granted his motion for judgment based on settlement. (See generally Marchelos' Mot., Docket Entry 22.) Plaintiff Matthew Acton ("Acton") did not accept Defendants' Offer of Judgment. (Defs.' Br. at 4.)

Defendants filed a sub judice motion to stay proceedings pending the resolution of certain Supreme Court and District of Columbia Circuit matters. (Defs.' Mot., Docket Entry 23.) Defendants allege that the resolution of three cases for which the Supreme Court recently granted certiorari will likely result in precedent-controlling determinations with respect to the following issues in this case: (1) whether Defendants' Rule 68 offer of judgment renders this matter moot; (2) whether Acton has standing to pursue this matter in the absence of actual damages or injury in fact; and (3) whether Acton may certify a class of individuals that were not injured. (Defs.' Br., Docket Entry 23-1, at 1-2.) See also Gomez v. Campbell-Ewald Co., 768 F.3d 871 (9th Cir. 2014), cert. granted, 135 S. Ct. 2311 (May 18, 2015); Robins v. Spokeo, Inc., 742 F.3d 409 (9th Cir. 2014), cert. granted, 135 S. Ct. 1892 (Apr. 27, 2015); Bouaphakeo v. Tyson Foods, Inc., 593 F. App'x 578 (8th Cir. 2014), cert. granted, 135 S. Ct. 2806 (Jun. 8, 2015) (collectively, the "Supreme Court Cases").

Specifically, the Petition for a Writ of Certiorari filed in the Campbell-Ewald matter presents the following questions: "1. Whether a case becomes moot, and thus beyond the

judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim" and "2. Whether the answer to the first question is any different when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief before any class is certified." Petition for Writ of Certiorari, Campbell-Ewald Co., 2015 WL 241891 (No. 14-857).[1] The Petition for a Writ of Certiorari filed in the Spokeo matter presents the question of "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm . . . by authorizing a private right of action based on a bare violation of a federal statute." Petition for Writ of Certiorari, Spokeo, 2014 WL 1802228 (No. 13-1339). Finally, the Petition for Writ of Certiorari filed in the Tyson matter presents the question of "[w]hether a class action may be certified or maintained under Rule 23(B)(3) . . . when the class contains hundreds of members who were not injured and have no legal right to any damages." Petition for Writ of Certiorari, Tyson, 2015 WL 1285369 (No. 14-1146).[2]

---

[1] The Campbell-Ewald Petition for a Writ of Certiorari sets forth a third question that is not relevant to the issues before this Court.

[2] The Tyson Petition for a Writ of Certiorari sets forth an additional question that is not relevant to the issues before this Court.

4

Defendants also allege that appeals filed in the District of Columbia Circuit challenging the validity of a 2015 TCPA Order issued by the Federal Communications Commission (the "D.C. Circuit Appeals") will similarly affect the outcome of this litigation to the extent that the D.C. Circuit clarifies certain definitions within the TCPA. (Defs.' Br. at 8-9.) See also ACA Int'l v. FCC, No. 15-1211 (D.C. Cir.) (Lead case in consolidated appeals). The Amended Petition for Review filed in ACA alleges, inter alia, that the FCC's treatment of the term "capacity" in the TCPA's definition of an "automatic telephone dialing system" is arbitrary, capricious, and an abuse of discretion. Amended Petition for Review at 2-3, ACA v. In'tl v. FCC, No. 15-1211 (D.C. Cir. July 13, 2015). The ACA Amended Petition for Review also requests that the FCC be compelled to either: (a) "establish a viable safe harbor for autodialed 'wrong number' non-telemarketing calls to reassigned wireless numbers" or (b) "define 'called party' as a call's intended recipient." Id. at 5.

Defendants request a stay pending the outcome of the Supreme Court Cases or, alternatively, a stay pending the disposition of the D.C. Circuit Appeals. (Defs.' Br. at 1-2.) Acton has not opposed Defendants' motion.

Subsequent to the filing of Defendants' motion, the parties' counsel executed a Stipulation agreeing to stay this

matter pending the outcome of the Supreme Court Cases and the D.C. Circuit Appeals (the "Stipulation"). (Stip., Docket Entry 26.)

DISCUSSION

The Court's inherent power to stay proceedings is incidental to its inherent power to "'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936)). In determining whether to enter a stay, the court considers: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Trikona Advisors Ltd. v. Kai-Lin Chuang, No. 12-CV-3886, 2013 WL 1182960, at *2-3 (E.D.N.Y. Mar. 20, 2013) (internal quotation marks and citation omitted).

It is within the district court's sound discretion to enter a stay pending the disposition of an independent matter whose outcome will likely affect a case on the court's calendar. Trikona, 2013 WL 1182960, at *2. See, e.g., Ruggieri v. Boehringer Ingelheim Pharm., Inc., 06-CV-1985, 2012 WL 1521850 (D. Conn. Feb.

24, 2012) (Holding that a stay pending the Supreme Court's decision in an independent case was in the interests of justice where the Supreme Court's ruling could potentially conclude the case.); Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 619-22 (S.D.N.Y. 2012) (Granting a stay pending the outcome of a Supreme Court case and noting that "a court may also properly exercise its staying power when a higher court is close to settling an important issue of law."); In re Literary Works in Elec. Databases Copyright Litig., No. M-21-90, 2001 WL 204212 (S.D.N.Y. Mar. 1, 2001) (Granting a stay of proceedings pending a decision by the Supreme Court and holding that it would be an unnecessary waste of the court and the parties' resources to proceed with the litigation "before the Supreme Court more precisely defines the claims at issue.")

The Court finds that a stay pending the outcome of the Supreme Court Cases and the D.C. Circuit Appeals is in the interests of justice. The parties agree that a stay is appropriate and it is clear that the outcome of the Supreme Court Cases could potentially conclude this matter and will, at the very least, settle important issues of law relating to Acton's claims. Indeed, the Court's determination is in agreement with other district courts that have deemed it appropriate to stay TCPA lawsuits pending the outcome of Campbell-Ewald and Spokeo. Eric B. Fromer Chiropractic, Inc. v. N.Y. Life Ins. and Annuity Corp., 15-CV-

4767, 2015 WL 6579779 (C.D. Cal. Oct. 19, 2015) (collecting cases from the district courts of California, Florida, and Virginia staying TCPA cases pending the determination of Campbell-Ewald and/or Spokeo). Similarly, the resolution of the D.C. Circuit Court of Appeals will more precisely define terms set forth in the TCPA. Thus, the factors weigh in favor of a stay of this matter and the Court GRANTS the parties' request for a stay pending the outcome of the Supreme Court Cases and D.C. Circuit Court of Appeals.

CONCLUSION

The parties' joint request to stay this action (Docket Entry 26) is GRANTED insofar as this case is STAYED pending rulings from the Supreme Court in Gomez v. Campbell-Ewald Co., Robins v. Spokeo, Inc., and Bouaphakeo v. Tyson Foods, Inc., and pending a ruling from the District of Columbia Circuit in ACA Int'l v. FCC. All pending motions are TERMINATED; however, they may be refiled after the stay is lifted.

The Clerk of the Court is directed to ADMINISTRATIVELY CLOSE this case. The parties are directed to advise the Court within seven (7) days of the Supreme Court or District of Columbia Circuit's resolution of each case.

SO ORDERED

Dated: December  28 , 2015          /s/ JOANNA SEYBERT
      Central Islip, New York          Joanna Seybert, U.S.D.J.